Timothy A Pupach, SBN 214044
Michael Avramidis, SBN 277314
Law Offices of Timothy A Pupach
95 S. Market Street, Suite 260
San Jose, Ca, 95113

Attorneys for Plaintiff's MARTIN REYES, AND
DOREEN REYES.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION

| | |
|---|---|
| MARTIN REYES, an individual; and DOREEN REYES, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONSTAR MORTGAGE LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 5:15-cv-01109-HRL <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6) <br><br> Date: April 28, 2015 <br> Time: 10:00 a.m. <br> Crtrm.: 2-5th floor <br><br> Complaint Filed: February 10,2015 <br> Trial Date: None Set |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S

## MOTION TO DISMISS THE COMPLAINT

**I.     Issue To Be Decided**

Whether the Complaint states a claim involving a settlement agreement entered into by the parties upon which relief may be granted for:

1. Defendant's breach of contract;

2. An injunction to prevent foreclosure of Plaintiffs' home;

3. Declaratory relief;

4. Wrongful foreclosure;

5. Intentional infliction of emotional distress; and

6. Violation of California Business and Professions Code section 17200.

///

///

OPPOSITION OF PLAINTIFFS' TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FRCP RULE 12(B)(6)

## II.   Introduction

Fortunately, the settlement agreement between Plaintiffs and Defendant is very straight forward in its terms much like the first loan modification executed by the parties. Unfortunately, similar to their reluctance to acknowledge the first loan modification, Nationstar again has failed to adhere to the contours of the parties agreement.

Defendants point out that the July and August 2014 statements incorporated into Plaintiffs complaint show an escrow adjustment of $4,197.67, yet completely ignore the Overdue payments amount of $17, 244.89 which resulted in the Escrow amount of $841.32 to be inflated beyond its reasonable bounds.

## III.   The Legal Standard

When deciding a motion to dismiss, a court must accept "all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Skilstaf, Inc v. CVS Caremark Corp.,* 669 F. 3d 1005, 1014 (9th Cir. 2012); *OSU Student Alliance v. Ray,* 699 F.3d 1053, 1058 (9th Cir. 2012); *see also Guillen v. Bank of America Corp.,* No. 5:10-cv-05825, 2011 WL 4071996 (N.D. Cal. 2011). Moreover, a court must "Draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Lacey v. Maricopa County,* 693 F.#d 896, 911 (9th Cir. 2012)(quoting *Ashcroft v. Iqbal,* 556 U.S 662,677 (2009)). A complaint meets this standard when "the plaintiff(s) pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.   Factual Background

This is not the first time Plaintiffs' had to resort to court intervention to enforce an agreement against Defendant. On or about October 13, 2006, Plaintiffs entered into a promissory note and deed of trust with First California Mortgage Company in the amount of $450,000.00. On or about June 15, 2012 Plaintiffs received a letter from AURORA FSB stating that the servicer of their loan #0021756960 would be transferred to NATIONSTAR with a new loan number of 599376506.

5:15-cv-01109-HRL
OPPOSITION OF PLAINTIFFS' TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FRCP RULE 12(B)(6)

On or about June 20, 2012 Plaintiffs received a Loan Modification Agreement they had been performing under since December of 2011. In fact, the cover letter which arrived with the Loan Modification Agreement was dated December 14, 2011 and not June of 2012. The Plaintiffs signed and returned the Loan Modification Packet which was received by AURORA FSB on June 27, 2012. Thereafter, NATIONSTAR would not acknowledge that the Plaintiffs had a loan modification.

Plaintiffs filed their complaint in the Santa Clara County Superior Court in January of 2013 asserting causes of action for Breach of Contract, Fraudulent Misrepresentation, Intentional Infliction of Emotional Distress, Unfair and Fraudulent Business Practices under Bus. and Prof. Code 17200, Promissory Estoppel and Civil Conspiracy. Defendants NATIONSTAR removed the action to U.S. District Court for the Northern District of California in February of 2013 (Case No. 5:13-CV-00854-HRL), and filed a motion to dismiss the claims for Fraudulent Misrepresentation, Intentional Infliction of Emotional Distress, and Civil Conspiracy. Plaintiffs filed their First Amended Complaint in August of 2013, omitting the claims of Fraudulent Misrepresentation, Intentional Infliction of Emotional Distress and Civil Conspiracy, and the Court denied Defendants' Motion to Dismiss as moot.

Prior to trial on the matter, the parties entered into a binding Settlement Agreement. The REYES's transmitted the signed Settlement agreement to NATIONSTAR's attorney on May 27, 2014 indicating that the REYES's would make a principle and interest payment of $1,367.16 and an estimated escrow payment of $367.88 as indicated on their prior statement.

On or about June 20, 2014 the REYES's received the fully executed Settlement Agreement from NATIONSTAR's attorneys. After the settlement with NATIONSTAR, on or about July 16, 2014 the REYES's noticed that the escrow balance on their mortgage statement had not been corrected and that the overdue payments were not corrected pursuant to the parties' agreement although the REYES had never missed a payment under the loan modification since December 2011 a balance of $17,244.89 appeared as overdue payments on their mortgage statement.

OPPOSITION OF PLAINTIFFS' TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)

1    Upon review of their credit report the REYES' also noticed that their NATIONSTAR

2 loan was showing pending litigation. Attorney for the REYES's, Law Offices of Timothy A.

3 Pupach, sent correspondence to NATIONSTAR's attorneys at Severson and Werson asking that

4 these issues be resolved. The REYES's did not receive a response to the July 16, 2014 email.

5    On or about July 19, 2014 the REYES's received the first of many letters from

6 NATIONSTAR stating that their payment has resulted in NATIONSTAR placing unapplied

7 funds in suspense and demanding that the REYES's remit $14,942.92 to bring their account

8 current. Between August 7, 2014 and August 19, 2014 there were several email correspondence

9 between counsel for NATIONSTAR and counsel for the REYES's. In those emails the REYES's

10 demanded that NATIONSTAR honor the parties' Settlement Agreement. After some discussion

11 NATIONSTAR stated that its position was the REYES's had not tendered full payment. In

12 response counsel for the REYES's clarified that the payment demanded by NATIONSTAR was

13 in excess of the agreed payment because NATIONSTAR had neglected to adjust the past escrow

arrears as required per the Settlement Agreement.

14    On or about August 12, 2014 NATIONSTAR sent a representative to the REYES's

15 home to conduct a property inspection. The REYES's inquired as to the purpose of the inspection

16 and were told that it was a pre-foreclosure inspection because the REYES's were in default on

17 their loan. The REYES's were told to contact a Becky Gregory at 801-461-8368 for further

18 clarification. There have been multiple inspections since the August 12, 2014 initial inspection

19 that have shown on the Reyes' mortgage statements.

20    On or about January 30, 2015 the REYES received Defendant's filed NOTICE OF

21 DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST (hereinafter, "NOTICE OF

22 DEFAULT"). During the entire time period referenced above the REYES's continually made

23 timely payments per the parties' Settlement Agreement.

24 ///

25 ///

26 ///

27 ///

28
5:15-cv-01109-HRL
OPPOSITION OF PLAINTIFFS' TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FRCP RULE 12(B)(6)

## V.   Argument

### 1.  Violation of our District's rules.

In connection with the motion, defendant violated our district's rules. Defendant failed to file an Affidavit or Declaration in support of their motion. This is a violation of our district's Local Rule 7-5 which states the following:

> **Affidavit or Declaration Required**. Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.

Defendant's motion is completely devoid of any such affidavit or declaration as required under the local rules of this Court.

Failing to comply with the local rules is a permissible ground for the denial of a motion to dismiss. The Court should disregard those factual contentions in Defendant's brief that are not properly supported by a declaration. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v Louisiana Hydrolec,* 854 F.2d 1538, 1545 (9th Cir. 1988)(district court need search through voluminous record where counsel fails to provide appropriate references as required by local rules.) For their failure to comply with this Court's local rules Defendant's motion to dismiss should be denied.

### 2.  Under Rule 12(b)(6), dismissal is proper only where plaintiff cannot possibly state a cognizable claim, and cannot cure a defect in the complaint through amendment.

In deciding a motion under Rule 12(b)(6), the court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson,* 355 U.S. 41, 45-56 (1957); *De La Cruz v. Tormey,* 582 F.2d 45,48 (9th Cir.1978).

By expressly stating that leave to amend "shall be freely given when justice so

5:15-cv-01109-HRL

OPPOSITION OF PLAINTIFFS' TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)

requires," Rule 15(a) severely restricts the court's power to dismiss a complaint. Leave to amend should be denied only if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the defect." *Schreiber Distribution Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1988). Such situations usually arise only where facts are not in dispute, and the sole issue is whether liability arises as a matter of law. See, e.g., *Albrecht v. Lund,* 845 F.2d 193, 195-195 (9th Cir. 1988)(amendment to fraud complaint properly denied where the alleged misstatements "could not be misrepresentations as a matter of law").

### 3. Breach of contract.

With regards to Plaintiffs' breach of contract claim, Defendants have stated that Plaintiffs failed to allege enough facts to state a claim for relief that is plausible on its face. However, in fact, the opposite is true. Here, Plaintiffs plead approximately 8 pages of facts and numerous exhibits entitling them to relief. Accordingly, Defendants motions are due to be denied with regards to Plaintiffs' breach of contract claim.

Defendant is correct that "(a) cause of action for damages for breach of contract is comprised of the following elements:(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co v. Sec. Pacific Bus. Credit, Inc.* 222 Cal.App.3d 1371, 1388 (1990).

The Plaintiffs properly demonstrated that a contract exists by way of the parties settlement agreement.

Plaintiffs have performed under the settlement agreement and loan modification since December of 2011, in which, their modification required a payment of $1,367.16. Under the terms of the settlement agreement Plaintiffs were required to pay their property taxes into an escrow account with an estimated escrow payment of $367.88 which they have paid since their signing of the settlement agreement. Plaintiffs are further excused from performance of the excess payments due on their mortgage statement because under the terms of the settlement agreement Defendant was to adjust all payment records retroactively to December 1, 2011 to reflect the due amounts set forth under the Loan Modification Agreement (Comp ¶29 and ¶1A of settlement agreement); furthermore, defendant was required to waive all unpaid escrow balances and outstanding late fees (Comp ¶30 and ¶1C of settlement agreement). Finally, defendant was required to rectify any derogator credit references associated with Plaintiffs' loan (Comp ¶31 and ¶1E of settlement agreement).

1    Defendant has continually failed to perform as represented on Plaintiffs' mortgage

2  statement which in July of 2014 showed an outstanding balance of $17,244.89. (Comp Exhibit 2).

3  Defendant point out the absence of waiver of any past due principal and interest as it relates to the

4  settlement agreement (Def. Motion p. 4 lines 17-20) yet neglect to mention that the Plaintiffs had

5  made all payments of principal and interest since December of 2011 and that Defendant was
   required to adjust all payment records retroactively which it has not done along with rectifying

6  derogatory remarks on Plaintiffs credit report as it relates to this loan.

7    Defendant points out that they credited the Plaintiffs' account with a "adjustment-

8  escrow" in the amount of $4,197.67 (Def. Motion p. 5 lines 8-11) as if to say that amount

9  corrected all payments subject to the settlement agreement without explanation to the overdue

10  payment amount of $17,244.89 on the Plaintiffs statement (Comp Exhibit 2).

11    More succinctly Plaintiffs alleged that the parties entered into a contract. (Comp ¶ 11,
   28) Plaintiffs further plead that Defendant breached the contract by failing to rectify overdue

12  payments, escrow arrears, late fees and derogatory credit remarks and that Plaintiffs have

13  suffered damages. (Comp ¶13,36-38) These allegations must be taken as true. *Jenkins v.*

14  *McKeithen,* 395 U.S. 411, 421; *Gilligan v. Jamco Dev. Corp,* 1080 F.3d 246, 249.

15    Accordingly, because defendant's position with respect to Plaintiffs' breach of

16  contract claim is without merit, the Motion to Dismiss must be denied.

17  **4.  Plaintiffs' cause of action for injunction and declaratory relief are**
   **meritorious**

18    Defendant claims the second cause of action for injunction and third cause of action

19  for declaratory relief must fail because they cannot stand on their own. Specifically Defendant

20  claims that injunctive relief can only be tethered to some independent legal duty. Defendant

21  neglects to mention that Plaintiffs' claim for injunctive relief is tied to Plaintiffs' cause of action

22  for breach of contract and wrongful foreclosure. Much like Plaintiffs' request for injunctive relief
   their request for declaratory relief is directly related to Defendant's breach of contract and

23  wrongful foreclosure.

24  **5.  Plaintiffs adequately plead their cause of action for intentional infliction of**

25  **emotional distress.**

26    Defendant claims that Plaintiffs' pleading fail on the first and second element of

27  Intentional Infliction of Emotional Distress ("IIED") which are extreme and outrageous conduct

5:15-cv-01109-HRL

28

1  by the defendant with the intention of causing, or reckless disregard of the probability of causing,

2  emotional distress; and the plaintiff suffered severe or extreme emotional distress. In fact the

3  defendants extreme and outrageous conduct is repeatedly reiterated in the Plaintiffs' complaint by

   the onslaught of notices sent to the Plaintiffs (Comp ¶15-19,22-24), Defendants agents appearing

4  at Plaintiffs home threatening foreclosure (Comp¶21) and defendant's complete and utter failure

5  to communicate with Plaintiffs' counsel (Comp ¶14,20).

6          The defendants conduct was outrageous because it consisted of a persistent course of

7  harassment and constituted an abuse of authority. Defendant's campaign of harassment and

8  intimidation against Plaintiffs easily constitutes outrageous conduct on its own. Outrageous

9  conduct is that which "exceed(s) all bounds usually tolerated by decent society" and is "of a

   nature which is especially calculated to cause, and does cause, mental distress of a very serious

10 kind." *Christensen v. Superior Court*, 54 Cal.3d 868,905 (1991). The near year-long campaign

11 waged against the Plaintiffs to try to induce them into paying that which is in excess of the parties

12 agreement coupled with Defendant's complete and utter failure to communicate with Plaintiffs or

13 their counsel constitutes outrageous conduct.

14         Courts have found similar conduct to be outrageous. The plaintiff in *Fletcher v. W.*

15 *Nat'l Life Ins. Co.* was sent false and threatening letters by his insurance company and further

16 threatened with legal action, while they denied him benefits and attempted to coerce him into a

   settlement, over the course of over six months. 10 Cal.App.3d 376,392,397-98 (1970). As in

17 *Fletcher*, Defendant's actions in this case, taking place regularly over the period of nearly one

18 year, demonstrate a "concerted course of conduct" that is outrageous and more than plausibly

19 states a claim for relief. *See* 10 Cal.App.3d at 329,398.

20         In order for the assertion of an economic interest to be privileged it must be done in

21 good faith (*Yu v. Signet Bank/Virginia* (1999) 69 Cal.App.4th 1377, 1398*see also (Trerice v. Blue*

22 *Cross of California (1989) 209 Cal.App.3d 878, 883 [257 Cal.Rptr. 338]; Kruse v. Bank of*

   *America (1988) 202 Cal.App.3d 38, 67 [248 Cal.Rptr. 217].)* The defendant's acts; however, are

23 not in good faith. Plaintiff correctly asserts their continual compliance under the terms of the

24 settlement agreement and prior loan modification and defendant asserts their compliance with

25 both documents, a mere look at plaintiffs' July 2014 statement would lead one to conclude that

26 defendant is not acting in good faith because of the accumulation of nearly $18,000.00 in

27 outstanding payments that has zero justification. (Comp ¶13, 25).

28 OPPOSITION OF PLAINTIFFS' TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO
   FRCP RULE 12(B)(6)

An important factor in assessing the outrageousness of the defendant's conduct as well as the plaintiff's resulting emotion reaction, is the particular vulnerability of the plaintiff. Consequently, in the case of intentional infliction of emotional distress, the courts will allow a plaintiff to demonstrate that he or she possesses an "eggshell psyche" or is in a "fragile state."(*See* Dan B. Dobbs, the Law of Torts §303, at 824 (2000)). In *Alcorn v. Anbro Engineering,* the plaintiff, an African American Truck driver, was fired after questioning his supervisor about another employee driving a particular truck. 216 P.2d 216, 217 (Cal.1970) The court specifically pointed to the fact that the supervisor was aware of the employee's "particular susceptibility" to emotional distress as an "outrage" factor in permitting the case to go the jury. *Id.* At 218-19. Here defendant is aware that plaintiff Doreen Reyes suffers from multiple sclerosis (MS) and her symptoms have been exacerbated by Defendants relentless harassment causing her insomnia, anxiety and irritability and physical symptoms. In fact, *Hailey v. California Physicians' Service* the court went on to hold that headaches, insomnia, anxiety and irritability" may constitute severe emotional distress" 158 Cal.App.4th at 477. In the case at bar Plaintiff's existing MS is amplified by the psychological distress she has continually endured from defendant's failure to honor the parties settlement agreement, issuance of a never ending stream of threat letters and multiple visits to Plaintiffs home by agents threatening foreclosure and has manifested into physical illness. Plaintiff Doreen Reyes can, and will, incorporate her physician's report demonstrating the exasperation of her symptoms and their physical manifestations due to the emotion distress inflicted by defendant's conduct.

### 6. Plaintiff adequately plead their cause of action for Violation of Business and Profession Code § 17200

Again defendant's motion is predicated on their full compliance with the settlement agreement while plaintiffs argue that they are in full compliance with the settlement agreement and but for defendant's failure to adjust all payment records retroactively to December 1, 2011 to reflect the due amounts set forth under the Loan Modification Agreement (Comp ¶29 and ¶1A of settlement agreement), waive all unpaid escrow balances and outstanding late fees (Comp ¶30 and ¶1C of settlement agreement) and rectify any derogatory credit references associated with Plaintiffs' loan (Comp. ¶31 and ¶1E of settlement agreement) A basic look at the mortgage statement shows the hubris in defendant's argument. For example the July statement shows escrow payments of $841.32 per month. The plaintiffs provide their own homeowners

OPPOSITION OF PLAINTIFFS' TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)

1 insurance as they have done since the inception of their loan; therefore, the escrow balance is
2 merely used to satisfy property taxes. The plaintiffs' yearly property tax is roughly $4,214.50,
3 which means that defendant would be reaping a nearly $6,000.00 excess in payments. Again had
4 the plaintiffs' payment records been adjusted and all past unpaid escrow balances and outstanding
   late fees been rectified there would be no reason for the appearance of the overdue payment
5 amount of $17,244.89 on their July 2014 mortgage statement resulting in an escrow amount in
6 line with the plaintiffs' payment history.

7         It is clear from defendant's conduct that they are trying to escape their
8 responsibility under the settlement agreement by merely breezing over the $17,244.89 overdue
9 payment amount that they failed to rectify and asserting that the plaintiffs are in default.
10 However, as stated above and in the plaintiffs' complaint they have made and continue to make
   all payments timely and in the amount which is mandated under the settlement agreement each
11 and every month and Nationstar continues to send back their payments and demanding large
12 sums to rectify the problem.

13         Defendant is correct in applying the rule in *Davis v. Ford Motor Credit Co.,* 179
14 Cal.App.4[th] 581 (2009); however, they improperly apply the rule assuming the plaintiffs have not
15 made the correct payment when in fact it is the defendant's poor accounting and business
16 practices that have led to this debacle.

**VI. CONCLUSION**

17         Fortunately this case is very straight forward. Unfortunately, Nationstar could have
18 resolved this issue simply by conducting an investigation and responding to plaintiffs' continual
19 requests. The defendant has failed to make the necessary adjustments to plaintiffs' mortgage and
20 could have rectified the situation but refuses to take responsibility for their accounting mistakes
21 and now assert that plaintiff is trying to dictate new loan terms, yet provides nothing to support
22 their claim that the $2,208.48 payment is justified in the context of the settlement agreement. This
   saga has gone on for over two years and Nationstar still fails to get it right. Taking the non-
23 moving parties complaint and exhibits on its face undermines defendant's motion to dismiss;
24 therefore, plaintiffs request the motion be denied and defendant be held to answer.

25

26

27

5:15-cv-01109-HRL
28 OPPOSITION OF PLAINTIFFS' TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FRCP RULE 12(B)(6)

1   DATED:  March, 31, 2015                    Respectfully submitted,

2                                              LAW OFFICES'OF TIMOTHY A. PUPACH

3

4                                              By:        /s/ Timothy A. Pupach

5                                                         Timothy A. Pupach

6                                              Attorneys for Plaintiffs MARTIN REYES and
                                               DOREEN REYES
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
    5:15-cv-01109-HRL
28  OPPOSITION OF PLAINTIFFS' TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO
                            FRCP RULE 12(B)(6)