1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN REYES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>Defendant. | Case No.15-CV-01109-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Plaintiffs Marten Reyes and Doreen Reyes (collectively, "Plaintiffs") bring this action against Nationstar Mortgage LLC ("Nationstar") alleging state law claims for, among other things, breach of contract, wrongful foreclosure, intentional infliction of emotional distress, and violations of Business and Professions Code §§ 17200 *et seq*. ECF No. 1-1 ("Complaint"), ¶¶ 33-69. Before the Court is Nationstar's motion to dismiss the entirety of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9 ("Motion"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing on this Motion currently scheduled for July 30, 2015, at 1:30 p.m. The initial case management conference in this matter, also scheduled for July 30, 2015, at 1:30 p.m., remains as set. Having considered the parties' submissions, the relevant law, and the record in this

case, the Court GRANTS IN PART AND DENIES IN PART Nationstar's Motion, for the reasons stated below.

## I.    BACKGROUND

### A.    Factual Background

#### 1.    *Background of the Parties and Plaintiffs' Original Lawsuit (Reyes I)*

On October 13, 2006, Plaintiffs entered into a promissory note and deed of trust with First California Mortgage Company in the amount of $450,000. Compl. ¶ 6. The note and deed of trust were secured with the real property located at 384 Royce Drive, San Jose, California (the "Subject Property"). *Id*. On June 15, 2002, Plaintiffs received a letter from Aurora Fsb, which appears to have been the servicer of Plaintiffs' mortgage loan at that time. *Id.* ¶ 7. In the letter, Aurora Fsb informed Plaintiffs that Nationstar would be the future servicer of the mortgage loan. *Id*. Plaintiffs allege that they entered into a loan modification agreement with Aurora Fsb before Nationstar began servicing the loan. *Id.* ¶ 8. However, Nationstar allegedly would not acknowledge the loan modification agreement. *Id.* ¶ 9.

On January 16, 2013, Plaintiffs filed suit against Nationstar, Aurora Bank Fsb, and Aurora Loan Services, LLC (collectively, "*Reyes I* Defendants") in California Superior Court for the County of Santa Clara, which the *Reyes I* Defendants subsequently removed to this Court on February 25, 2013 on the basis of diversity jurisdiction. *Martin Reyes et al. v. Nationstar Mortgage Holdings, Inc et al..*, No. 13-CV-00854-LHK ("*Reyes I*"), Dkt. Nos. 1 & 1-1. According to the *Reyes I* Complaint, Plaintiffs alleged claims for breach of contract, fraudulent misrepresentation, intentional infliction of emotional distress, promissory estoppel, civil conspiracy, and violations of Business and Professions Code §§ 17200 *et seq. Reyes I* Dkt. No. 1-1, ¶¶ 34-72. The gravamen of Plaintiffs' allegations in *Reyes I* was that Nationstar erroneously accused Plaintiffs of being in default on the mortgage loan, in part because Nationstar did not acknowledge Plaintiffs' loan modification with Aurora Fsb. *Id.* ¶¶ 34-39.

On August 28, 2013, Plaintiffs filed a First Amended Complaint in *Reyes I*, alleging claims for breach of contract, promissory estoppel, and violations of Business and Professions Code

Case No.15-CV-01109-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

§§ 17200 *et seq.* *Reyes I* Dkt. No. 25. On September 17, 2013, the *Reyes I* Defendants filed an Answer. *Id.* Dkt. No. 26.

### 2.  Settlement of Reyes I

On May 27, 2014, Plaintiffs and the *Reyes I* Defendants entered into a settlement agreement ("Settlement"). Compl. ¶ 11. The Settlement, which is attached as an exhibit to Plaintiffs' Complaint in the instant action, contains several provisions of relevance to Nationstar's current Motion. First, the Settlement provides that the parties acknowledge the validity of the loan modification agreement Plaintiffs entered into with Aurora Fsb. Exhibit 14 to Compl., at 2. Second, the Settlement provides that "Plaintiffs acknowledge that their Loan account is currently in arrears for escrow advances previously made by Nationstar and that late charges have been imposed on the Loan account." *Id.* The Settlement then provides that "[t]hose outstanding charges on the Loan account will be addressed" by Plaintiffs' payment of $5,800 to Nationstar "as a partial payment toward reinstating their escrow balance." *Id.* After completion of the partial payment, the Settlement provides that "Plaintiffs agree that the remaining unpaid escrow balance of their Loan account . . . shall be waived," and that Nationstar agrees that "all late fees outstanding on the Loan account as of April 30, 2014 shall be waived." *Id.* The Settlement further provides that all unmodified terms of Plaintiffs' mortgage loan would remain in effect. *Id.*

On June 20, 2014, Plaintiffs and the *Reyes I* Defendants entered a stipulation of dismissal with prejudice in *Reyes I*. *Reyes I* Dkt. No. 44.

### 3.  Events after the Settlement

Shortly after the parties executed the Settlement, Plaintiffs allege that Nationstar failed to comply with its obligations under the agreement. For instance, Plaintiffs allege that Nationstar failed to correct the escrow balance and overdue payments on Plaintiffs' mortgage statement pursuant to the terms of the Settlement. Compl. ¶ 13. Plaintiffs also allege that Nationstar failed to report to various credit reporting agencies that Plaintiffs' loan account was current, as Nationstar had agreed to do in the Settlement. *Id.* ¶ 14.

On July 19, 2014, Plaintiffs received a letter from Nationstar demanding $14,942.92 to

Case No.15-CV-01109-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

1    bring Plaintiffs' account current. *Id.* ¶ 15. Between July 21, 2014 and September 3, 2014,

2    Plaintiffs allege that they received at least four letters from Nationstar informing Plaintiffs that

3    their account was not current, and requesting additional payments. *Id.* ¶¶ 16-23. As of September

4    3, 2014, the amount Nationstar required to bring Plaintiffs' account current was $16,989.10. *Id.*

5    ¶ 22. Plaintiffs allege that they informed Nationstar that the excess payments were the result of

6    Nationstar's refusal to honor the Settlement and adjust Plaintiffs' past escrow arrears. *Id.* ¶ 20.

7    Plaintiffs also allege that during the entire relevant time period, Plaintiffs made timely payments to

8    Nationstar pursuant to the Settlement, but that Nationstar rejected the payments because

9    Nationstar erroneously believed them to be too low. *Id.* ¶¶ 15-25.

10        On August 12, 2014, Plaintiffs allege that Nationstar sent a representative to Plaintiffs'

11   home to conduct a "pre-foreclosure inspection because [Plaintiffs] were in default on their loan."

12   *Id*. ¶ 21. On January 30, 2015, Plaintiffs received from Nationstar a notice of default and election

13   to sell under deed of trust. *Id.* ¶ 24. A foreclosure sale has yet to occur. *Id.* ¶ 56.

14        **B.  Procedural Background**

15        On February 9, 2015, Plaintiffs filed the Complaint in the instant action in California

16   Superior Court for the County of Santa Clara. *See* Compl. In the Complaint, Plaintiffs allege six

17   causes of action for breach of contract; injunctive relief; declaratory relief; violations of Business

18   and Professions Code §§ 17200 *et seq.*; wrongful foreclosure; and intentional infliction of

19   emotional distress. *Id.* ¶¶ 26-69. On March 10, 2015, Nationstar removed the instant matter to this

20   Court on the basis of diversity jurisdiction. ECF No. 1, at 1.

21        On March 17, 2015, Nationstar filed the instant Motion, seeking to dismiss all six of

22   Plaintiffs' causes of action.[1] *See* Mot. On March 31, 2015, Plaintiffs timely filed an opposition

23   with one supporting declaration. ECF Nos. 12 ("Opp'n") & 12-1. Nationstar did not file a reply.

24   **II.  LEGAL STANDARD**

25   _____

26   [1] Nationstar's Motion was originally scheduled for hearing before U.S. Magistrate Judge Howard
     Lloyd on April 28, 2015. ECF No. 9. On April 6, 2015, the instant case was re-assigned to this

27   Court, and subsequently Nationstar's Motion was set for hearing on July 30, 2015. ECF Nos. 14 &
     17.

28
     Case No.15-CV-01109-LHK
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

### A. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981)). Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)). In addition, if a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429 (9th Cir. 1978). Rather, these documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim. *Id.* at 429-30.

### B. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation

Case No.15-CV-01109-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Accordingly, leave to amend is denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. ANALYSIS

In its Motion, Nationstar moves to dismiss each of Plaintiffs' causes of action on different grounds. Mot. at 4-10. The Court will address each cause of action in turn.

### A. Cause of Action for Breach of Contract

Nationstar first moves to dismiss Plaintiffs' cause of action for breach of contract. Mot. at 4. "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). In its Motion, Nationstar challenges the second and third elements of Plaintiffs' breach of contract claim. Specifically, Nationstar argues that exhibits attached to Plaintiffs' Complaint show that Plaintiffs defaulted on their mortgage loan payments, and accordingly that Plaintiffs did not perform their obligations under the Settlement. Mot. at 4. Nationstar also contends that exhibits attached to the Complaint show that Nationstar complied with its duties under the Settlement. *Id.* at 5.

The Court will address each argument in turn. In so doing, the Court is mindful of the fact that "'[r]esolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous.'" *Monaco v. Bear Sterns Residential Mortg. Corp.*, 554 F. Supp .2d 1034, 1040 (C.D. Cal. 2008) (quoting *Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir. 2000) (unpublished decision)); *Westlands Water Dist. v. U.S. Dep't of Interior*, 850 F. Supp. 1388, 1408 (E.D. Cal. 1994). "A contract provision will be considered ambiguous when it is

Case No.15-CV-01109-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

capable of two or more reasonable interpretations." *Monaco*, 554 F. Supp. 2d at 1040 (citing *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 867 (1993)). "An ambiguity may appear on the face of an agreement or extrinsic evidence may reveal a latent ambiguity." *Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 114 (2007) (citation omitted).

### 1.   Whether Plaintiffs adequately allege completion of performance

In their Complaint, Plaintiffs allege that they "performed all conditions, covenants, and promises" required by the terms of the Settlement. Compl. ¶ 35. More specifically, Plaintiffs allege that "[d]uring the entire time period" after Plaintiffs and Nationstar executed the Settlement, Plaintiffs "continually made timely payments per the parties' Settlement" on the mortgage loan. *Id.* ¶ 25. Plaintiffs allege that, pursuant to the terms of the Settlement, Plaintiffs were required to make a monthly payment of $1,367.16 toward the principle and interest of the mortgage loan, and a monthly tax and escrow payment of $367.88. *Id.* ¶ 11. This came to a total payment of $1,735.04. *See id.* Moreover, mortgage loan statements attached to Plaintiffs' Complaint show that Plaintiffs attempted to remit payment to Nationstar for $1,735.04 on July 17, 2014 and August 13, 2014. Compl., Exs. 2 & 10.

In its Motion, Nationstar contends that according to these same documents, Plaintiffs defaulted on their mortgage loan. Mot. at 4. Nationstar argues that the July 18, 2014 mortgage loan statement shows that Plaintiffs owed a "Regular Monthly Payment" of $2,208.48. Compl., Ex. 2. This included a $1,367.16 payment toward the principle and interest, and a monthly tax and escrow payment of $841.32. *Id.* Due to the fact that the July 18, 2014 mortgage loan statement shows that Plaintiffs attempted to remit $1,735.04, instead of $2,208.48, to Nationstar, Nationstar argues that this evinces "a clear event of default on [Plaintiffs'] part," and that consequently, this default "bars [Plaintiffs'] claim for breach of contract." Mot. at 5.

The Court disagrees with Nationstar. As a preliminary matter, the Court notes that the parties appear to agree that Plaintiffs' regular monthly payment to be applied to the principle and interest of the mortgage loan was $1,367.16. *See* Compl. ¶ 11 (regular monthly payment to be

Case No.15-CV-01109-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

1    applied to principle and interest was $1,367.16); *see* Mot. at 4 (same); *see also* Compl. Ex. 14

2    (loan modification agreement providing that "Borrower promises to make monthly payments of

3    principal and interest of U.S. $1,367.16"). Accordingly, the instant dispute centers on how much

4    in taxes and escrow Plaintiffs were obligated to pay: Plaintiffs contend this amount was $367.88,

5    Compl. ¶ 11, whereas Nationstar argues it was $841.32, Mot. at 4.

6         The essence of Plaintiffs' allegations in this matter is that Nationstar erroneously

7    calculated Plaintiffs' monthly mortgage loan payment to be $2,208.48 because Nationstar

8    allegedly "failed to correct and/or waive unpaid escrow balances associated with the Loan

9    resulting in a monthly escrow payment in excess of what the parties agreed to." *Id*. ¶ 32. Although

10   Nationstar argues that the July 18, 2014 mortgage loan statement shows that Plaintiffs defaulted

11   on the mortgage loan, Nationstar points to no exhibit attached to the Complaint that contradicts

12   Plaintiffs' allegation that Nationstar over-charged Plaintiffs when Nationstar demanded monthly

13   mortgage payments of $2,208.48. *See* Mot. at 4-5. Moreover, the Settlement and the loan

14   modification agreement are ambiguous as to how much Plaintiffs owed in monthly tax and escrow

15   payments. *See* Compl., Ex. 14 (Settlement and loan modification agreement, neither of which

16   address the amount owed for tax and escrow). Where the terms of a contract are ambiguous,

17   resolution of contractual claims on a motion to dismiss is improper. *Monaco*, 554 F. Supp. 2d at

18   1040; *Roling v. E\*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1188-89 (N.D. Cal. 2010) (denying

19   motion to dismiss breach of contract claim where the contract was ambiguous).

20        In sum, viewing the pleadings in the light most favorable to Plaintiffs and accepting

21   Plaintiffs' allegations as true, as the Court must on a motion to dismiss, *see Manzarek*, 519 F.3d at

22   1031, Plaintiffs have adequately alleged that Plaintiffs performed their obligations under the

23   Settlement. Moreover, Nationstar fails to point to any unambiguous language in the Settlement or

24   the loan modification agreement that contradicts Plaintiffs' allegation that Nationstar erroneously

25   calculated the monthly mortgage loan payment pursuant to the terms of the Settlement.

26        2.  *Whether Plaintiffs adequately allege breach of contract*

27        The Court now turns to Nationstar's second argument, which is that documents attached to

United States District Court
Northern District of California

8

United States District Court
Northern District of California

the Complaint demonstrate that Nationstar complied with its obligation to waive Plaintiffs' escrow payment, and thereby did not breach the Settlement. Mot. at 4-5. Nationstar contends that mortgage loan statements dated July 18, 2014 and August 19, 2014 "each contain a transaction activity showing an adjustment to escrow for more than $4,190.00." *Id.* at 4. Accordingly, Nationstar appears to argue that Plaintiffs' allegation that Nationstar breached the Settlement fails. *See id.* at 5 (stating that "[s]eparate and apart from [Plaintiffs'] own failure to comply with the terms of the agreement, the complaint and exhibits show that Nationstar did waive the escrow.").

The Court is not persuaded by Nationstar's argument, for two reasons. First, Plaintiffs allege that Nationstar breached the Settlement in ways other than Nationstar's alleged failure to waive the escrow payment. For instance, Plaintiffs allege that Nationstar failed to "honor the Loan modification retroactively to December 1, 2011 . . . causing an overdue balance to appear on Plaintiffs' mortgage statement." Compl. ¶ 32. Plaintiffs also allege that Nationstar "failed to rectify derogatory reports associated with the Loan resulting in negative credit implications for Plaintiffs." *Id.* In its Motion, Nationstar does not contend that it "honor[ed] the Loan modification retroactively," or that Nationstar "rectif[ied] derogatory [credit] reports associated with the Loan." *See* Mot. Nor do any documents attached to the Complaint indicate that Nationstar complied with these obligations.

Second, according to the terms of the Settlement, the parties agreed to waive "the remaining unpaid escrow balance of [Plaintiffs'] Loan account." Compl., Ex. 14, at 2. According to the mortgage loan statements from July 18, 2014 and August 19, 2014, Nationstar applied two separate "Adjustment – Escrow" payments of $4,197.67 to Plaintiffs' mortgage loan account. *Id.* Ex. 2 (July 18, 2014 mortgage loan statement); *id.* Ex. 10 (August 19, 2014 mortgage loan statement). However, it is not clear that this represented the "remaining unpaid escrow balance of [Plaintiffs'] Loan account" that the parties agreed to waive pursuant to the Settlement. *See id.*, Ex. 14, at 2 (Settlement provisions regarding waiver of escrow). Furthermore, the documents attached to Plaintiffs' Complaint are ambiguous as to the remaining unpaid balance of Plaintiffs' escrow account, or how much of Plaintiffs' escrow Nationstar was required to waive.

9

United States District Court
Northern District of California

Thus, viewing the pleadings in the light most favorable to Plaintiffs and accepting Plaintiffs' allegations as true, as the Court must on a motion to dismiss, *see Manzarek*, 519 F.3d at 1031, Plaintiffs have adequately alleged that Nationstar failed to perform its obligations under the Settlement. Moreover, Nationstar fails to point to any documents attached to the Complaint that are to the contrary.

For the reasons stated above, the Court DENIES Nationstar's Motion to dismiss Plaintiffs' breach of contract cause of action.

### B. Cause of Action for Wrongful Foreclosure

In the Complaint, Plaintiffs allege that Nationstar "made an illegal, fraudulent, and willful foreclosure of the property under a power of sale contained in the Deed of Trust." Compl. ¶ 54. However, Plaintiffs also allege that "[t]he real Property has not yet been sold to a bona fide third party purchaser." *Id.* ¶ 56. Nationstar moves to dismiss this cause of action on multiple grounds, including that Nationstar has not yet foreclosed on the Subject Property. Mot. at 7.

"The California Courts of Appeal have identified the following elements of a claim for wrongful foreclosure: '(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.'" *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1145 (N.D. Cal. 2013) (quoting *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011)). Where a plaintiff fails to allege that a foreclosure sale has occurred, the plaintiff fails to bring a claim for wrongful foreclosure. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) (claim for wrongful foreclosure was "premature" where "there is no dispute that a foreclosure sale did not take place"); *Chancellor v. OneWest Bank*, No. C 12-01068 LB, 2012 WL 1868750, at *8 (N.D. Cal. May 22, 2012) (where plaintiff "does not allege that a foreclosure sale has occurred," claim of wrongful foreclosure was "premature"); *O'Connor v. Wells Fargo, N.A.*, No. C-14-00211 DMR,

10

1    2014 WL 4802994, at *8 (N.D. Cal. Sept. 26, 2014) ("A second reason for dismissal is that

2    Plaintiff has not alleged that a foreclosure sale has occurred, which is a prerequisite for a wrongful

3    foreclosure claim.").

4         Here, Plaintiffs do not allege that a foreclosure sale has occurred. *See* Compl. To the

5    contrary, Plaintiffs allege that the "real Property has not yet been sold to a bona fide third party

6    purchaser." *Id.* ¶ 56. Accordingly, Plaintiffs' wrongful foreclosure claim is "premature."

7    *Rosenfeld*, 732 F. Supp. 2d at 961. Therefore, the Court GRANTS Nationstar's Motion to dismiss

8    Plaintiffs' claim for wrongful foreclosure, without leave to amend. *See Leadsinger*, 512 F.3d at

9    532 (court may deny leave to amend if allowing amendment would be futile).

10   **C.   Cause of Action for Injunction**

11        In the Complaint, Plaintiffs bring a cause of action for "injunction," enjoining

12   "Defendants' agents, attorneys, and representatives . . . from selling, attempting to sell, or causing

13   to be sold the property to a third party under the power of sale in the deed of trust." Compl. ¶¶ 39-

14   45. Nationstar moves to dismiss Plaintiffs' second cause of action on the grounds that

15   "[i]njunctive relief is not a cause of action. It is a remedy . . . ." Mot. at 6.

16        "[U]nder both federal and state law, injunctive relief is merely a remedy, not an

17   independent cause of action." *Guillermo v. Caliber Home Loans, Inc.*, No. C 14-04212 JSW, 2015

18   WL 1306851, at *12 (N.D. Cal. Mar. 23, 2015); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652

19   F. Supp. 2d 1039, 1049 (N.D. Cal. 2009) ("Injunctive relief is a remedy which must rely upon

20   underlying claims. If plaintiff seeks injunctive relief, she should request it as part of her prayer for

21   relief."); *Cox Commc'ns PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal.

22   2002) ("Injunctive relief, like damages, is *a remedy requested by the parties, not a separate cause

23   of action*.") (emphasis in original). Thus, where a plaintiff alleges a "cause of action" for

24   injunction, courts routinely dismiss it. *See, e.g.*, *Guillermo*, 2015 WL 1306851, at *12.

25        Accordingly, the Court GRANTS Nationstar's motion to dismiss Plaintiffs' second cause

26   of action for injunction without leave to amend. *See Leadsinger*, 512 F.3d at 532 (court may deny

27   leave to amend if allowing amendment would be futile). However, the Court's dismissal is without

28

United States District Court
Northern District of California

11

1   prejudice to Plaintiffs' ability to seek injunctive relief as a remedy where appropriate.[2]

2   **D.  Cause of Action for Declaratory Relief**

3   In their next cause of action, Plaintiffs request "declaratory relief" from the Court.

4   Plaintiffs' claim for declaratory relief is predicated on Plaintiffs' claim for breach of contract and

5   wrongful foreclosure. Opp'n at 7. Specifically, Plaintiffs request a declaration from the Court to

6   the effect that Plaintiffs are in compliance with the terms of the Settlement Agreement and that the

7   "sale of the [Plaintiffs'] property to enforce the Settlement Agreement is improper." Compl. ¶¶ 47-

8   49. Nationstar moves to dismiss this cause of action on the grounds that "declaratory relief is not

9   an independent cause of action, but only a remedy." Mot. at 6.

10   Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate

11   pleading, may declare the rights and other legal relations of any interested party seeking such

12   declaration, whether or not further relief is or could be sought." However, "[a] claim for

13   declaratory relief is unnecessary where an adequate remedy exists under some other cause of

14   action." *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009); *see also*

15   *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment

16   offers a means by which rights and obligations may be adjudicated in cases brought by any

17   interested party involving an actual controversy that has not reached a stage at which either party

18   may seek a coercive remedy and in cases where a party who could sue for coercive relief has not

19   yet done so."). Accordingly, where a plaintiff seeks declaratory relief predicated on a separate

20   claim for breach of contract, "[v]arious courts have held . . . that, where determination of a breach

21   of contract claim will resolve any question regarding interpretation of the contract, there is no need

22   for declaratory relief, and dismissal of a companion declaratory relief claim is appropriate."

23   *StreamCast Networks, Inc. v. IBIS LLC*, No. CV05-04239MMM(EX), 2006 WL 5720345, at *3-4

24   (C.D. Cal. May 2, 2006) (collecting authorities) (internal alterations omitted).

25   _____

26   [2] The Court notes that Plaintiffs, separate from the cause of action for injunction, also request

27   injunctive relief in the Complaint's Prayer for Relief. *See* Compl. at 13 (requesting a "temporary restraining order, a preliminary injunction, and a permanent injunction"). The Court also notes that this section of Plaintiffs' Prayer for Relief is not at issue in Nationstar's Motion.

28

12

United States District Court
Northern District of California

1   Here, Plaintiffs base their cause of action for declaratory relief in part on the cause of

2   action for breach of contract. Compl. ¶ 47; Opp'n at 7. However, Plaintiffs' breach of contract

3   claim provides Plaintiffs with an adequate legal remedy, and accordingly dismissal of the claim

4   for declaratory relief related to breach of contract is proper. *See Mangindin*, 637 F. Supp. 2d at

5   707 ("A claim for declaratory relief is unnecessary where an adequate remedy exists under some

6   other cause of action."); *StreamCast*, 2006 WL 5720345, at *4 (where party brings breach of

7   contract claim, "dismissal of a companion declaratory relief claim is appropriate.").

8   Plaintiffs' cause of action for declaratory relief is also predicated on Plaintiffs' claim for

9   wrongful foreclosure. Compl. ¶¶ 48-49; Opp'n at 7. However, as previously discussed, Plaintiffs'

10   claim for wrongful foreclosure fails because Plaintiffs allege that a foreclosure sale has not yet

11   occurred. *See* Section III.B, *supra*. Where a plaintiff fails to state a claim for wrongful foreclosure,

12   dismissal of a claim for declaratory relief predicated on wrongful foreclosure is appropriate. *See*

13   *Cerecedes v. U.S. Bankcorp*, No. CV 11-219 CAS FMOX, 2011 WL 1666938, at *3 (C.D. Cal.

14   Apr. 29, 2011) (dismissing claim for declaratory relief "because plaintiffs fail to state a viable

15   claim for relief predicated on defendants' initiation of foreclosure proceedings"); *see also Ballard*

16   *v. Chase Bank USA, NA,* No. 10CV790 L POR, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010)

17   ("A claim for declaratory relief rises or falls with the other claims.") (internal alterations omitted).

18   For the reasons stated above, the Court GRANTS Nationstar's motion to dismiss Plaintiffs'

19   cause of action for declaratory relief, without leave to amend. *See Leadsinger*, 512 F.3d at 532

20   (court may deny leave to amend if allowing amendment would be futile).

21   **E. Cause of Action for Intentional Infliction of Emotional Distress**

22   Plaintiffs next allege a cause of action for intentional infliction of emotional distress.

23   Compl. ¶¶ 61-65. Plaintiffs contend that Nationstar "had a duty to exercise due care toward

24   Plaintiffs as Lender, Trustee, and/or Servicer of the loan on the Property," and a "duty to honestly

25   execute and perform under the terms of the Deed of Trust." *Id.* ¶ 62. Plaintiffs further allege that

26   Nationstar breached this duty in an "intentional and malicious" manner "done for the purpose of

27   causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress." *Id.*

28

United States District Court
Northern District of California

13

¶ 64. Nationstar, in its Motion, argues that Plaintiffs "aver only normal acts of foreclosure," which does not "constitute the required outrageous conduct" that would sustain a claim for intentional infliction of emotional distress. Mot. at 8.

To present a claim for intentional infliction of emotional distress, a plaintiff must plead: (1) defendant's extreme and outrageous conduct; (2) that defendant intended to cause, or recklessly disregarded the probability of causing, emotional distress; (3) that plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993). Outrageous conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1001.

Where a plaintiff alleges an emotional distress claim predicated on foreclosure or threatened foreclosure, "courts have found as a matter of law that foreclosing on property" or acts normally associated therewith do not "amount to the 'outrageous conduct' required to support a claim for intentional infliction of emotional distress." *Aguinaldo v. Ocwen Loan Servicing, LLC*, No. 5:12-CV-01393-EJD, 2012 WL 3835080, at *7 (N.D. Cal. Sept. 4, 2012); *see also Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) ("Where a lending party in good faith asserts its right to foreclose according to contract . . . its conduct falls shy of 'outrageous,' however wrenching the effects on the borrower."); *Helmer v. Bank of Am., N.A.*, No. CIV S-12-0733 KJM, 2013 WL 1192634, at *6 (E.D. Cal. Mar. 22, 2013) ("Defendant is correct that emotional distress caused by good faith foreclosure, without more, is not enough to state a claim for intentional infliction of emotional distress."). Accordingly, "[t]he act of foreclosing on a home (absent other circumstances) is not the kind of extreme conduct that supports an intentional infliction of emotional distress claim." *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010).

Here, Plaintiffs allege that Nationstar's outrageous conduct amounted to the following: between July 19, 2014 and September 3, 2014, Nationstar mailed Plaintiffs five separate times informing Plaintiffs that they were behind in their mortgage loan payments. Compl. ¶¶ 15-22

United States District Court
Northern District of California

14

1  (detailing correspondence from Nationstar from July 19, 2014; July 21, 2014; July 22, 2014;

2  August 5, 2014; and September 3, 2014). Plaintiffs also allege that Nationstar sent Plaintiffs a

3  letter on July 31, 2014 stating that Nationstar had assigned Plaintiffs a "Dedicated Loan Specialist

4  working in [Nationstar's] Foreclosure Prevention Department," and advising Plaintiffs to contact

5  the specialist "immediately." *Id.* ¶ 18. Plaintiffs further allege that on August 12, 2014, Nationstar

6  sent a representative to the Plaintiffs' home to conduct a "pre-foreclosure inspection." *Id.* ¶ 21.

7  Finally, Plaintiffs allege that they received a notice of default and election to sell under deed of

8  trust on January 30, 2015. *Id.* ¶ 24.

9        In short, Plaintiffs allege that Nationstar's correspondence about the status of Plaintiffs'

10  mortgage loan and potential foreclosure, as well as one in-person visit from a Nationstar

11  representative, constituted extreme or outrageous conduct. However, other courts have found

12  similar conduct does not sustain a claim for intentional infliction of emotional distress. *See*

13  *Davenport*, 725 F. Supp. 2d at 871 (telephonic conversations and mail correspondence with

14  defendant mortgage loan servicers did not constitute "outrageous" conduct, or conduct done in

15  "bad faith," to support a claim for intentional infliction of emotional distress); *Helmer*, 2013 WL

16  1192634, at *6 (telephonic conversations and correspondence with defendant mortgage loan

17  servicers insufficient to sustain claim for intentional infliction of emotional distress, even where

18  the conversations allegedly misled plaintiff as to the state of plaintiff's mortgage loan).

19  Accordingly, Plaintiffs fail to allege that Nationstar engaged in the requisite "extreme and

20  outrageous" conduct to sustain a claim for intentional infliction of emotional distress. *Potter*, 6

21  Cal. 4th at 1001.

22        In their Opposition, Plaintiffs cite to *Fletcher v. West National Life Insurance Company*,

23  10 Cal. App. 3d 376, 392 (1970), in support of Plaintiffs' argument that Nationstar's alleged

24  conduct was extreme and outrageous. However, the Court finds that *Fletcher* is inapposite, for two

25  reasons. First, *Fletcher* did not involve home foreclosure, and as already discussed, courts have

26  found that "[w]here a lending party in good faith asserts its right to foreclose according to contract

27  . . . its conduct falls shy of 'outrageous,' however wrenching the effects on the borrower."

28

15

United States District Court
Northern District of California

*Davenport*, 725 F. Supp. 2d at 884. Second, the *Fletcher* court had before it an extensive record showing that the defendant made dishonest and misleading statements to the plaintiff so that defendant would not have to make disability payments. *See Fletcher*, 10 Cal. App. 3d at 389 (citing defendant's letter where defendant stated that it conducted an "investigation" into plaintiff's condition, even though defendant subsequently admitted no such investigation occurred); *id.* at 391 (letter from defendant that referred to new information about plaintiff's condition, even though defendant subsequently admitted that defendant did not receive any new information). Indeed, the defendant in *Fletcher* later conceded that its conduct was "deplorable" and "outrageous." *Id.* at 392. Here, in contrast, Plaintiffs' allegations do not rise to the level of the conduct in *Fletcher*.

For the reasons stated above, the Court GRANTS Nationstar's motion to dismiss Plaintiffs' cause of action for intentional infliction of emotional distress. However, Plaintiffs may cure the deficiencies identified herein by alleging, *inter alia*, additional facts in support of Plaintiffs' contention that Nationstar's conduct was extreme and outrageous. Accordingly, Plaintiffs' claim for intentional infliction of emotional distress is dismissed with leave to amend.[3] *See Lopez*, 203 F.3d at 1127 (court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts).

**F. Cause of Action for Violation of Business and Professions Code §§ 17200 *et seq.***

Finally, Plaintiffs bring a cause of action for violation of California's unfair competition law, Business and Professions Code §§ 17200 *et seq.* (the "UCL Claim"), based on Nationstar's alleged failure to comply with the terms of the Settlement. Compl. ¶¶ 67-69. Nationstar moves to dismiss the UCL Claim on the grounds that Plaintiffs "have no standing to assert a claim under

---

[3] In their Opposition, Plaintiffs argue that Doreen Reyes should be considered a so-called "eggshell plaintiff" because she suffers from a specific medical condition that was exacerbated by Nationstar's alleged conduct. Opp'n at 9. However, Plaintiffs' arguments regarding Doreen Reyes' medical condition do not appear anywhere in the Complaint. *See* Compl. Accordingly, the Court may not consider them in ruling on Nationstar's motion to dismiss. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint.").

Case No.15-CV-01109-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1    section 17200" because Plaintiffs fail to allege that they suffered an "injury in fact," or "lost

2    money or property as a result of the unfair competition." Mot. at 9.

3         To state a claim for unfair competition pursuant to Business and Professions Code

4    §§ 17200 *et seq.*, a plaintiff must allege an "unlawful, unfair, or fraudulent business act or

5    practice" or "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

6    "To have standing to bring suit pursuant to § 17200, a plaintiff must 'make a twofold showing: he

7    or she must demonstrate injury in fact and a loss of money or property caused by unfair

8    competition.'" *Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1195-96 (C.D. Cal. 2011)

9    (quoting *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008)).

10        The Court finds that Plaintiffs fail to allege that Plaintiffs have lost money or property, and

11    therefore Plaintiffs fail to show that they have standing to bring a claim pursuant to Business and

12    Professions Code §§ 17200 *et seq.* The only allegation in the Complaint regarding Plaintiffs' loss

13    of money or property is that Nationstar's conduct was "designed to deprive the Plaintiffs of their

14    property and in order to receive exorbitant fees" Compl. ¶ 68. Plaintiffs do not allege that

15    Plaintiffs have lost property; indeed, according to Plaintiffs' allegations regarding wrongful

16    foreclosure, Plaintiffs have not yet lost the Subject Property to foreclosure. *See* Compl. ¶ 56

17    (alleging that "[t]he real Property has not yet been sold to a bona fide third party purchaser."). Nor

18    do Plaintiffs allege that they paid "exorbitant fees" and thereby lost money. *See id*. Accordingly,

19    Plaintiffs fail to allege that Plaintiffs meet one of the requisite elements of standing under Business

20    and Professions Code §§ 17200 *et seq.*[4]

21        For the reasons stated above, the Court GRANTS Nationstar's motion to dismiss Plaintiffs'

22    UCL Claim. However, Plaintiffs may cure the UCL Claim by alleging that Plaintiffs have lost

23    money or property. Accordingly, the UCL Claim is dismissed with leave to amend. *See Lopez*, 203

24    F.3d at 1127 (court should grant leave to amend unless it determines that the pleading could not

25

26    ───────────────

27    [4] The Court need not reach Nationstar's argument in the alternative that Plaintiffs fail to allege
     they have suffered an "injury in fact," the second requirement for standing under Business and
     Professions Code §§ 17200 *et seq.* Mot. at 9.

28
     Case No.15-CV-01109-LHK
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

possibly be cured by the allegation of other facts).

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Nationstar's Motion as follows:

- Nationstar's motion to dismiss the breach of contract cause of action is DENIED;
- Nationstar's motion to dismiss the causes of action for wrongful foreclosure, injunction, and declaratory relief are GRANTED without leave to amend;
- Nationstar's motion to dismiss the causes of action for intentional infliction of emotional distress and violation of Business and Professions Code §§ 17200 *et seq.* is GRANTED with leave to amend.

Should Plaintiffs elect to file an amended complaint to cure the deficiencies identified herein, they shall do so within thirty (30) days of the date of this Order. Failure to meet the thirty-day deadline to file an amended complaint, or failure to cure the deficiencies identified in this Order, will result in a dismissal with prejudice. Plaintiffs may not add new parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: July 28, 2015

_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

18