United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN REYES, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>                    Defendant. | Case No. 15-CV-01109-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 30 |

Plaintiffs Martin and Doreen Reyes (collectively, "Plaintiffs") bring this action against Nationstar Mortgage LLC ("Nationstar"). Before the Court is Nationstar's motion to dismiss two of the three claims in Plaintiffs' First Amended Complaint. *See* ECF No. 28 ("FAC"); ECF No. 30 ("Mot."). The Court finds that this motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and thus vacates the hearing set for November 19, 2015, at 1:30 p.m. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Nationstar's motion to dismiss.

**I. BACKGROUND**

   **A. Factual Background**

      **1.** *Reyes I*

On October 13, 2006, Plaintiffs entered into a promissory note and deed of trust with First California Mortgage Company in the amount of $450,000. FAC ¶ 6. The note and deed of trust were secured by certain real property located at 384 Royce Drive in San Jose, California. *Id*. On June 15, 2012, Plaintiffs received a letter from Aurora Fsb, which appears to have been the servicer of Plaintiffs' mortgage loan at the time. *Id.* ¶ 7. In the letter, Aurora Fsb informed Plaintiffs that Nationstar would be the future servicer of the mortgage loan. *Id*. Plaintiffs aver that they entered into a loan modification agreement with Aurora Fsb before Nationstar began servicing the loan. *Id.* ¶ 8. However, Nationstar allegedly would not acknowledge the loan modification agreement. *Id.* ¶ 9.

On January 16, 2013, Plaintiffs filed suit against Nationstar, Aurora Bank Fsb, and Aurora Loan Services, LLC (collectively, "*Reyes I* Defendants") in Santa Clara County Superior Court, which was subsequently removed to federal court on February 25, 2013. *Reyes v. Nationstar Mortgage Holdings, Inc.*, No. 13-CV-00854-LHK ("*Reyes I*"), ECF No. 1-1. The gravamen of Plaintiffs' allegations in *Reyes I* was that Nationstar erroneously accused Plaintiffs of being in default on the mortgage loan, in part because Nationstar did not acknowledge Plaintiffs' loan modification agreement with Aurora Fsb. *Id.* ¶¶ 34–39. On May 27, 2014, Plaintiffs and the *Reyes I* Defendants entered into a settlement agreement, and on June 20, 2014, the parties filed a stipulation of dismissal with prejudice. *Reyes I*, ECF No. 44.

**2. Events Since *Reyes I***

In the instant suit, Plaintiffs allege that Nationstar has failed to comply with Nationstar's obligations under the Settlement. Plaintiffs allege, for instance, that Nationstar failed to correct the escrow balance and overdue payments on Plaintiffs' mortgage statement pursuant to the terms of the Settlement. FAC ¶ 13. Plaintiffs also aver that Nationstar failed to report to various credit reporting agencies that Plaintiffs' loan account was current, as Nationstar agreed to do in the Settlement. *Id.* ¶ 14. In addition, between July 19, 2014 and September 3, 2014, Plaintiffs allege that they received at least five letters from Nationstar informing Plaintiffs that their account was not current and requesting payment from Plaintiffs. *Id.* ¶¶ 15–23. Plaintiffs, however, contend

1  that Plaintiffs made timely payments to Nationstar pursuant to the Settlement, but that Nationstar
2  rejected and returned these payments to Plaintiffs because Nationstar believed them to be too low.
3  Finally, on August 12, 2014, Plaintiffs allege that Nationstar sent a representative to Plaintiffs'
4  home to conduct a "pre-foreclosure inspection because [Plaintiffs] were in default on their loan."
5  *Id.* ¶ 21. On January 30, 2015, Plaintiffs received from Nationstar a notice of default and election
6  to sell under deed of trust. *Id.* ¶ 24.

### B. Procedural Background

On February 9, 2015, Plaintiffs filed the original complaint in the instant action in Santa Clara County Superior Court. On March 10, 2015, Nationstar removed the matter to federal court. On March 17, 2015, Nationstar moved to dismiss all six of Plaintiffs' causes of action in Plaintiffs' original complaint. ECF No. 9. The Court granted in part and denied in part Nationstar's motion to dismiss. ECF No. 23. Specifically, the Court denied Nationstar's motion to dismiss Plaintiffs' breach of contract claim. *Id.* at 18. The Court granted with prejudice Nationstar's motion to dismiss Plaintiffs' causes of action for "wrongful foreclosure, injunction, and declaratory relief." *Id.* Finally, the Court granted Nationstar's motion to dismiss Plaintiffs' causes of action for intentional infliction of emotional distress and violation of Business and Professions Code §§ 17200 *et seq.*, but provided Plaintiffs leave to amend. *Id.*

On August 28, 2015, Plaintiffs filed their First Amended Complaint ("FAC"), which asserted causes of action for breach of contract, intentional infliction of emotional distress, and violation of Business and Professions Code §§ 17200 *et seq*. Defendants filed the instant motion to dismiss on September 9, 2015. Plaintiffs did not file an opposition.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3
Case No.15-CV-01109-LHK
ORDER GRANTING MOTION TO DISMISS

defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew,* 60 F.3d 1234, 1239 (7th Cir. 1995)).

### B. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. ANALYSIS

#### A. Intentional Infliction of Emotional Distress

In order to allege a claim for intentional infliction of emotional distress under California law, a plaintiff must plead the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing,

4
Case No.15-CV-01109-LHK
ORDER GRANTING MOTION TO DISMISS

emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993) (internal quotation marks omitted). "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (internal quotation marks omitted).

In the Court's previous order, the Court summarized the instances of Nationstar's purported outrageous conduct as follows: "[i]n short, Plaintiffs allege that Nationstar's correspondence about the status of Plaintiffs' mortgage loan and potential foreclosure, as well as one in-person visit from a Nationstar representative, constituted extreme or outrageous conduct." ECF No. 23 at 15. The Court then noted that "other courts have found [that] similar conduct does not sustain a claim for intentional infliction of emotional distress," and concluded that Plaintiffs had thus failed to state a claim for intentional infliction of emotional distress. *Id.*; *see also Aguinaldo v. Ocwen Loan Servicing, LLC*, 2012 WL 3835080, *7 (N.D. Cal. Sept. 4, 2012) ("[C]ourts have found as a matter of law that foreclosing on property" or acts normally associated with foreclosure do not "amount to the 'outrageous conduct' required to support a claim for intentional infliction of emotional distress."); *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) ("Where a lending party in good faith asserts its right to foreclose according to contract . . . its conduct falls shy of 'outrageous,' however wrenching the effects on the borrower."). The Court, however, granted Plaintiffs' leave to amend so that Plaintiffs could identify "additional facts in support of Plaintiffs' contention that Nationstar's conduct was extreme and outrageous." *Id.* at 16.

Although Plaintiffs amended their complaint, the FAC fails to identify any such facts. In fact, the FAC and the original complaint are nearly identical, with one exception: Plaintiffs allege that "[a]t all relevant times, Nationstar was aware that Doreen Reyes' [sic] suffered and continues to suffer from [multiple sclerosis]. Plaintiff Doreen Reyes's symptoms have been exacerbated by Defendants relentless harassment causing her insomnia, anxiety and irritability and physical symptoms." *Id.* This lone allegation, however, fails to state a claim for intentional infliction of

5

emotional distress.

As noted above, such claims require Plaintiffs to plead, *inter alia*, (1) "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress" and (2) "suffering [of] severe or extreme emotional distress" by the plaintiff. *Potter*, 863 P.2d at 819 (internal quotation marks omitted). With respect to the first requirement—extreme and outrageous conduct—an "actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition," may be *a* factor to consider in determining whether an actor's conduct was extreme and outrageous. *Bundren v. Superior Court*, 193 Cal. Rptr. 671, 674 n.6 (Cal. Ct. App. 1983) (quoting Restatement (Second) of Torts § 46 cmt. f). However, "[i]t must be emphasized . . . that major outrage is essential to the tort; and the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough." *Id.* The FAC contains no allegations to suggest that Nationstar intended to cause Doreen Reyes emotional distress or acted with reckless disregard to the probability of causing Doreen Reyes emotional distress. As in the original complaint, the FAC avers only that Nationstar filed and prosecuted a foreclosure action, as it believed that it was entitled to do. The mere fact that Nationstar might have known about Doreen Reyes' multiple sclerosis does not transform what would have otherwise been ordinary conduct into extreme and outrageous conduct.

In sum, the Court concludes that the FAC fails to cure the deficiencies previously identified and thus still fails to state a claim for intentional infliction of emotional distress. Moreover, Plaintiffs did not oppose the instant motion to dismiss. Granting leave to amend would therefore be both futile and cause undue delay to the proceedings. *See Leadsinger*, 512 F.3d at 532 (citing futility and undue delay as factors to consider in deciding whether to provide leave to amend). Accordingly, the Court GRANTS with prejudice Defendants' motion to dismiss Plaintiffs' claim for intentional infliction of emotional distress.

**B. Business and Professions Code §§ 17200,** *et seq.*

In the FAC, Plaintiffs again bring a claim under California Business and Professions Code

§§ 17200 *et seq.* based on Nationstar's alleged failure to comply with the terms of the Settlement. In order "[t]o have standing to bring suit pursuant to § 17200, a plaintiff must make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." *Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1195–96 (C.D. Cal. 2011) (internal quotation marks omitted). With respect to Plaintiffs' original complaint, the Court held that Plaintiffs had failed to allege that Plaintiffs had lost money or property. Thus, the Court determined that Plaintiffs did not have standing to proceed with Plaintiffs' § 17200 claim.

Compared to the original complaint, the FAC includes only one additional allegation in support of Plaintiffs' § 17200 claim. Paragraph 13 of the FAC states "that [Plaintiffs'] payments [to Nationstar] were being applied to [] escrow balances which, based on the settlement agreement, were not due and owing, thus resulting in lost monies and Nationstar's misappropriation of [Plaintiff's] payment." FAC ¶ 13. This allegation appears to refer to the $1367.16 principal payment and $367.88 escrow payment that Plaintiffs paid to Nationstar upon execution of the Settlement. *See id.* ¶ 11. Together, these payments add up to a total of $1735.04. However, a mere six paragraphs later, Plaintiffs' FAC acknowledges that Nationstar did not in fact misappropriate these payments towards Plaintiffs' escrow account. *Id.* ¶ 19. Instead, Nationstar "return[ed] the Reyes' payment of $1735.04 [to Plaintiffs] because the funds [were] insufficient to bring the account current." *Id.*; *see also id.* ¶ 22.

The exhibits included in Plaintiffs' original complaint corroborate the fact that Nationstar did not misappropriate Plaintiffs' payment and that Nationstar in fact returned Plaintiffs' payment of $1735.04. Specifically, Exhibit 2 is a mortgage loan statement from July 18, 2014 which shows that no payments were applied towards Plaintiffs' escrow account, contrary to the assertion in paragraph 13 of the FAC. ECF No. 1-1 at 22. Exhibit 8, a letter from Nationstar to Doreen Reyes on August 5, 2014, states that "[w]e recently received a payment on your behalf in the amount of $1735.04. We are returning these funds as they are insufficient to bring your account current." *Id.* at 36.

For purposes of a motion to dismiss, the Court is generally required to "accept as true all

7

well-pleaded allegations of material fact." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, the Court is not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*  Here, Plaintiffs' single allegation that Nationstar misappropriated payments by applying them to Plaintiffs' escrow account is contradicted by exhibits that Plaintiffs filed with Plaintiffs' original complaint and by other allegations within the FAC.  These exhibits show that Nationstar did not apply Plaintiffs' payments to Plaintiffs' escrow account and in fact returned Plaintiffs' payments to Plaintiffs.  Thus, the Court finds that Plaintiffs have failed to allege that Plaintiffs lost money or property, and that Plaintiffs still do not have standing to proceed with Plaintiffs' § 17200 claim against Nationstar.

The Court therefore GRANTS Nationstar's motion to dismiss Plaintiffs' cause of action for violation of California Business and Professions Code §§ 17200 *et seq*. because the FAC fails to cure the deficiencies previously identified.  Moreover, Plaintiffs failed to oppose the instant motion to dismiss.  Thus, granting leave to amend would be futile and would cause undue delay to the proceedings.  Accordingly, the Court GRANTS with prejudice Defendants' motion to dismiss Plaintiffs' § 17200 claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED with prejudice.

**IT IS SO ORDERED.**

Dated:  November 12, 2015

_____
LUCY H. KOH
United States District Judge

8
Case No.15-CV-01109-LHK
ORDER GRANTING MOTION TO DISMISS